UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

JESSICA L. V.

                        Plaintiff,

v.                                              1:20-CV-1508
                                                (WBC)
COMMISSIONER OF SOCIAL SECURITY,

                        Defendant.
_____

APPEARANCES:                                    OF COUNSEL:

LAW OFFICES OF KENNETH HILLER, PLLC             KENNETH HILLER, ESQ.
  Counsel for Plaintiff                         MARY ELLEN GILL, ESQ.
6000 North Bailey Ave, Ste. 1A
Amherst, NY 14226

U.S. SOCIAL SECURITY ADMIN.                     VERNON NORWOOD, ESQ.
OFFICE OF REG'L GEN. COUNSEL – REGION II
  Counsel for Defendant
26 Federal Plaza – Room 3904
New York, NY 10278

William B. Mitchell Carter, U.S. Magistrate Judge,

## MEMORANDUM-DECISION and ORDER

The parties consented, in accordance with a Standing Order, to proceed before

the undersigned.  (Dkt. No. 12.)  The court has jurisdiction over this matter pursuant to

42 U.S.C. § 405(g).  The matter is presently before the court on the parties' cross-

motions for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of

Civil Procedure.  For the reasons discussed below, Plaintiff's motion is denied, and the

Commissioner's motion is granted.

## I.    RELEVANT BACKGROUND

## A.      Factual Background

Plaintiff was born in 1984.  (T. 631.)  She completed high school.  (T. 750.)

Generally, Plaintiff's alleged disability consists of psychiatric impairments,

developmental disability, and knee injury.  (T. 749.)  Her alleged disability onset date is

June 17, 2016.  (T. 610.)  Her date last insured is September 30, 2016.  (*Id.*)  Her past

relevant work consists of certified nursing assistant ("CNA"), home health aide assistant,

and shift manager.  (T. 750.)

## B.      Procedural History

On December 4, 2017, Plaintiff applied for a period of Disability Insurance

Benefits ("SSD") under Title II, and Supplemental Security Income ("SSI") under Title

XVI, of the Social Security Act.  (T. 653.)  Plaintiff's applications were initially denied,

after which she timely requested a hearing before an Administrative Law Judge ("the

ALJ").  On September 20, 2019, Plaintiff appeared before the ALJ, Timothy Belford.  (T.

606-630.)  On November 25, 2019, ALJ Belford issued a written decision finding Plaintiff

not disabled under the Social Security Act.  (T. 8-29.)  On August 19, 2020, the Appeals

Council ("AC") denied Plaintiff's request for review, rendering the ALJ's decision the

final decision of the Commissioner.  (T. 1-7.)  Thereafter, Plaintiff timely sought judicial

review in this Court.

## C.      The ALJ's Decision

Generally, in his decision, the ALJ made the following five findings of fact and

conclusions of law.  (T. 13-25.)  First, the ALJ found Plaintiff met the insured status

requirements through September 30, 2016, and Plaintiff had not engaged in substantial

gainful activity since June 17, 2016.  (T. 13.)  Second, the ALJ found Plaintiff had the

severe impairments of post-traumatic stress disorder ("PTSD"), anxiety, depression, knee dysfunction, and obesity.  (T. 13.)  Third, the ALJ found Plaintiff did not have an impairment that meets or medically equals one of the listed impairments located in 20 C.F.R. Part 404, Subpart P, Appendix. 1.  (T. 15.)  Fourth, the ALJ found Plaintiff had the residual functional capacity ("RFC") to perform light work as defined in 20 C.F.R. §§ 404.1567(b) and 416.967(b), except:

> no more than occasional climbing of ramps and stairs, balancing, stooping, kneeling, crouching, and crawling; no more than occasional climbing of ladders, ropes, and scaffolds; no more than occasional exposure to pulmonary irritants such as fumes, dusts, and gasses; she is limited to simple routine tasks, with only occasional decision making, and no more than occasional interaction with coworkers, supervisors, and the public.

(T. 17.)[1]  Fifth, the ALJ determined Plaintiff unable to perform past relevant work; however, there were jobs that existed in significant numbers in the national economy Plaintiff could perform.  (T. 23-25.)

## II.    THE PARTIES' BRIEFINGS ON PLAINTIFF'S MOTION

### A.    Plaintiff's Arguments

Plaintiff makes two arguments in support of her motion for judgment on the pleadings.  First, Plaintiff argues, "the mental RFC is not based on substantial evidence, as it did not incorporate limitations from the mental opinion evidence and was not supported by a function-by-function assessment of Plaintiff's mental health related limitations."  (Dkt. No. 9 at 7-9.)  Second, and lastly, Plaintiff argues "the ALJ failed to

---

[1]    Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities. If someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time.  20 C.F.R. §§ 404.1567(b), 416.967(b).

incorporate Dr. Liu's opined limitations despite purporting to find that opinion persuasive, and the physical RFC is thus unsupported by substantial evidence." (*Id.* at 9-10.)  Plaintiff also filed a reply in which she deemed no reply necessary.  (Dkt. No. 11.)

### B.    Defendant's Arguments

In response, Defendant makes two arguments.  First, Defendant argues Plaintiff retained the RFC to perform simple routine tasks.  (Dkt. No. 10 at 14-17.)  Second, and lastly, Defendant argues Plaintiff retained the RFC to perform light work.  (*Id.* at 17-18.)

## III.    RELEVANT LEGAL STANDARD

### B.    Standard of Review

"The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive."  42 U.S.C. § 405(g).  The "substantial evidence" standard "means - and means only - such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019).  "[I]t is . . . a very deferential standard of review - even more so than the 'clearly erroneous' standard."  *Brault v. Soc. Sec. Admin.*, 683 F.3d 443, 448 (2d Cir. 2012).  In particular, it requires deference "to the Commissioner's resolution of conflicting evidence."  *Cage v. Comm'r of Soc. Sec.*, 692 F.3d 118, 122 (2d Cir. 2012).  It is not the Court's "function to determine *de novo* whether a plaintiff is disabled."  *Brault,* 683 F.3d. at 447.  "In determining whether the agency's findings were supported by substantial evidence, the reviewing court is required to examine the entire record, including contradictory evidence and evidence from which conflicting inferences can be drawn."  *Selian v. Astrue*, 708 F.3d 409, 417 (2d Cir. 2013) (internal quotation marks

omitted).  "If evidence is susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld."  *McIntyre v. Colvin*, 758 F.3d 146, 149 (2d Cir. 2014). "The substantial evidence standard means once an ALJ finds facts, we can reject those facts 'only if a reasonable factfinder would have to conclude otherwise.' " *Brault,* 683 F.3d at 448.  The Court "require[s] that the crucial factors in any determination be set forth with sufficient specificity to enable [the reviewing Court] to decide whether the determination is supported by substantial evidence."  *Estrella v. Berryhill*, 925 F.3d 90, 95 (2d Cir. 2019) (alterations and internal quotation marks omitted).

### C.      Standard to Determine Disability

The Commissioner has established a five-step evaluation process to determine whether an individual is disabled as defined by the Social Security Act.  *See* 20 C.F.R. §§ 404.1520, 416.920.  The Supreme Court has recognized the validity of this sequential evaluation process.  *See Bowen v. Yuckert*, 482 U.S. 137, 140-42, 107 S. Ct. 2287 (1987).  The five-step process is as follows:

> (1) whether the claimant is currently engaged in substantial gainful activity; (2) whether the claimant has a severe impairment or combination of impairments; (3) whether the impairment meets or equals the severity of the specified impairments in the Listing of Impairments; (4) based on a 'residual functional capacity' assessment, whether the claimant can perform any of his or her past relevant work despite the impairment; and (5) whether there are significant numbers of jobs in the national economy that the claimant can perform given the claimant's residual functional capacity, age, education, and work experience.

*Schillo v. Kijakazi*, 31 F.4th 64, 70 (2d Cir. 2022).

### IV.      ANALYSIS

In general, an RFC finding is administrative in nature, not medical, and its determination is within the province of the ALJ.  20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1) ("We will assess your residual functional capacity based on all the relevant evidence in your case record."), *see id.* §§ 404.1546(c), 416.946(c) ("the administrative law judge or the administrative appeals judge at the Appeals Council . . . is responsible for assessing your residual functional capacity").  Additionally, the regulations direct an ALJ to "not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s), including those from [Plaintiff's] medical sources."  *Id.* §§ 404.1520c, 416.920c.

## A. Function-by-Function Analysis

Plaintiff argues the ALJ erred in formulating the mental RFC because the ALJ failed to provide a function-by-function analysis supporting each mental limitation and specifically the RFC failed to account for the opinion Plaintiff had mild limitations in her ability to regulate emotions, control behavior, and maintain well-being.  (Dkt. No. 9 at 8-9.)  Plaintiff's arguments fail.

Plaintiff argues that pursuant to SSR 96-8p an ALJ is required to provide a function-by-function assessment, citing specific medical facts and narrative discussion describing how the evidence supported each conclusion in the RFC.  (Dkt. No. 9 at 7, citing SSR 96-8p).  Contrary to Plaintiff's assertion, the Second Circuit has held that the failure to explicitly engage in a function-by-function analysis, as required in SSR 96-8p as part of the RFC assessment, does not constitute a *per se* error requiring remand.  *See Chichocki v. Astrue,* 729 F.3d 172, 174 (2d Cir. 2013).  "The relevant inquiry is whether the ALJ applied the correct legal standards and whether the ALJ's

determination is supported by substantial evidence." *Cichocki*, 729 F.3d 172, 177 (2d Cir. 2013). Remand may be appropriate where an ALJ fails to assess a plaintiff's "capacity to perform relevant functions, despite contradictory evidence in the record, or where other inadequacies in the ALJ's analysis frustrate meaningful review." *Id.* Therefore, Plaintiff's assertion that the ALJ committed legal error in failing to perform a function-by-function analysis fails.

Next, Plaintiff argues the ALJ's RFC failed to account for the consultative examiner's opinion of mild limitations. (Dkt. No. 9 at 8-9.) Consultative examiner, Susan Santarpia, Ph.D., opined Plaintiff had mild limitations in her ability to regulate emotions, control behavior, and maintain well-being. (T. 1029.) The ALJ found Dr. Santarpia's opined limitations not persuasive concluding the record supported greater limitations to "address the potential for symptom exacerbation in the context of full-time work activity." (T. 23.) Remand is generally not warranted where the ALJ's RFC finding is more restrictive than the limitations set forth in medical opinions of record. *Lesanti v. Comm'r of Soc. Sec.*, 436 F. Supp. 3d 639, 649 (W.D.N.Y. 2020) (citing *Baker v. Berryhill*, No. 1:15-cv-00943-MAT, 2018 WL 1173782, at *4 (W.D.N.Y. Mar. 6, 2018).

As argued by Defendant, Plaintiff's contention that the ALJ's RFC determination failed to incorporate mild limitations is unavailing because a finding of mild limitations in mental functioning does not preclude the ability to perform simple routine tasks. (Dkt. No. 10 at 16.) Indeed, the Second Circuit has held that up to moderate limitations in work related functioning does not significantly limit, and thus prevent, a plaintiff from performing simple routine tasks. *Zabala v. Astrue*, 595 F.3d 402, 410 (2d Cir. 2010) (holding that ALJ's determination that claimant could perform simple work tasks was

well supported where "[n]one of the clinicians who examined [plaintiff] indicated that she had anything more than moderate limitations in her work-related functioning, and most reported less severe limitations."); *see Whipple v. Astrue*, 479 F. App'x. 367, 370 (2d Cir. 2012) (holding that consultative psychologist's findings that plaintiff's depression caused moderate limitations in social functioning ultimately supported the ALJ's determination that plaintiff could perform work that involved simple tasks and allowed for a low-stress environment).  Therefore, Dr. Santarpia's mild limitation did not conflict with the ALJ's mental RFC determination.

Overall, the ALJ did not commit legal error in failing to perform a function-by-function assessment in formulating Plaintiff's mental RFC.  In addition, the ALJ's mental RFC did not conflict with Dr. Santarpia's mild limitations.  Therefore, remand is not required.

### B.  Physical RFC Determination

Plaintiff argues consultative examiner Hongbiao Liu, M.D. opined Plaintiff had mild to moderate limitations which conflict with the demands of light work and the ALJ failed to resolve the conflict.  (Dkt. No. 9 at 9-10.)  For the reasons outlined below, the ALJ properly assessed Plaintiff's physical RFC determination.

Dr. Liu examined Plaintiff and opined she had "mild to moderate limitation for prolonged walking, bending, and kneeling."  (T. 1035.)  The ALJ found Dr. Liu's opinion "persuasive" reasoning his opinions were "congruent with no more than moderate deficits noted on his physical examination of [Plaintiff]."  (T. 22.)  Plaintiff does not assert the ALJ erred in finding Dr. Liu's opinion persuasive, Plaintiff argues Dr. Liu's opinion of up to moderate limitations in prolonged walking, bending, and kneeling are inconsistent

with the ALJ's conclusion Plaintiff could perform the exertional demands of light work with no more than occasional stooping, kneeling, crouching, and crawling.

Here, the ALJ's RFC for light work was supported by substantial evidence in the record, included Dr. Liu's examination and findings.  As an initial matter, although the ALJ did not specifically mention bending in the RFC, most light jobs do not require more than occasional bending.  To perform substantially all of the exertional requirements of most light jobs, a plaintiff would not need to crouch (bending the body downward and forward by bending both the legs and spine) and would need to stoop (bending the body downward and forward by bending the spine at the waist) only occasionally.  SSR 83-14, 1983 WL 31254, *2.  Overall, most jobs in the light category do not require crouching and only occasionally require stooping and therefore the ALJ's RFC for light work with no additional bending limitations is not inconsistent with Dr. Liu's opinion Plaintiff had moderate limitations in bending.

Plaintiff further asserts that "the ALJ's finding that mild to moderate limitations for prolonged walking was somehow consistent with an RFC for light work is unsupported because it was not explained, and such limitations are not on their face consistent with an RFC for light work."  (Dkt. No. 9 at 10.)  Contrary to Plaintiff's assertion, up to moderate limitations "are arguably consistent with an RFC for light work."  *My-Lein L. v. Comm'r of Soc. Sec.*, 551 F. Supp. 3d 100, 106 (W.D.N.Y. 2021) (collecting cases); *see also White v. Berryhill*, 753 F. App'x 80, 82 (2d Cir. 2019) (physician opinion that claimant had moderate limitations performing certain exertional activities combined with medical and other evidence supported RFC finding for light work).  Therefore, Dr. Liu's

opinion Plaintiff had up to moderate limitations in prolonged walking is not inherently inconsistent with the demands of light work.

Further, a review of the ALJ's decision demonstrates substantial evidence supported the ALJ's conclusion Plaintiff could perform the exertional demands of light work.  In addition to Dr. Liu's opinion, the ALJ relied on the opinion provided by non-examining State agency medical consultant, D. Miller, D.O.  (T. 21.)  Dr. Miller reviewed the evidence available as of May 2018 and opined Plaintiff could perform the exertional demands of light work and could occasionally climb, balance, stoop, kneel, crouch, and crawl.  (T. 648-649.)  The ALJ considered the objective medical evidence in the record pertaining to Plaintiff's physical impairments, including her knee impairment and obesity. (T. 18-20.)  Lastly, the ALJ considered Plaintiff's activities of daily living.  (T. 21.) Therefore, substantial evidence in the record, including medical opinion evidence, objective medical evidence and activities of daily living, support the ALJ's physical RFC determination.  *Grega v. Berryhill*, No. 17-CV-6596, 2019 WL 2610793, at *10 (W.D.N.Y. June 26, 2019), *aff'd sub nom. Grega v. Saul*, 816 F. App'x 580 (2d Cir. 2020) (light work not inconsistent with moderate exertional limitations).

In general, the ALJ has the duty to evaluate conflicts in the evidence.  *Monroe v. Comm'r of Soc. Sec.*, 676 F. App'x 5, 7 (2d Cir. 2017) ("Genuine conflicts in the medical evidence are for the Commissioner to resolve.") (quoting *Veino v. Barnhart*, 312 F.3d 578, 588 (2d Cir. 2002)).  Plaintiff may disagree with the ALJ's conclusion; however, the Court must "defer to the Commissioner's resolution of conflicting evidence" and reject the ALJ's findings "only if a reasonable factfinder would have to conclude otherwise." *Morris v. Berryhill*, 721 F. App'x 29 (2d Cir. 2018) (internal citations and quotations

omitted); *Krull v. Colvin*, 669 F. App'x 31 (2d Cir. 2016) (the deferential standard of review prevents a court from reweighing evidence).  As long as substantial record evidence supports the ALJ's determination of the facts, the Court must defer to the ALJ's decision.  *See Davila-Marrero v. Apfel*, 4 F. App'x 45, 46 (2d Cir. 2001) (citing *Alston v. Sullivan*, 904 F.2d 122, 126 (2d Cir. 1990)).  As the Supreme Court stated, "whatever the meaning of 'substantial' in other contexts, the threshold for such evidentiary sufficiency is not high."  *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154, 203 L. Ed. 2d 504 (2019).  Therefore, although Plaintiff assert's Dr. Liu's opined limitations are inconsistent with the demands of light work, Plaintiff fails to show that no reasonable factfinder could have reached the ALJ's decision.

**ACCORDINGLY**, it is

ORDERED that Plaintiff's motion for judgment on the pleadings (Dkt. No. 9) is **DENIED**; and it is further

ORDERED that Defendant's motion for judgment on the pleadings (Dkt. No. 10) is **GRANTED**; and it is further

ORDERED that Defendant's unfavorable determination is **AFFIRMED**; and it is further

ORDERED that Plaintiff's Complaint (Dkt. No. 1) is **DISMISSED**.

Dated:        November 21, 2022

*Bill Carter*

William B. Mitchell Carter
U.S. Magistrate Judge